NORTH PARK BRIDGE CO. *v.* TOWNSHIP OF WALKER.

TAXATION—BRIDGE COMPANIES—SPECIFIC TAXES—STATUTES.
> A bridge company organized under the general railroad law
> (Act No. 198, Laws 1873), and owning a bridge leased to and
> used exclusively by a street railroad company, is not subject
> to assessment by the State board of assessors under Act No.
> 173, Pub. Acts 1901, as amended by Act No. 45, Pub. Acts
> 1903, and the payment of a tax so assessed is no ground for
> the recovery back of a tax paid under protest to the township
> in which the bridge is situated.

Case made from Kent; Wolcott, J. Submitted February 8, 1906. (Docket No. 111.) Decided April 30, 1906.

Assumpsit by the North Park Bridge Company against the township of Walker for taxes paid under protest. There was judgment for defendant, and plaintiff appeals. Affirmed.

*Knappen, Kleinhans & Knappen,* for appellant.

*Grove & McDonald,* for appellee.

BLAIR, J. This case comes up on a case made from the circuit court for the county of Kent. It is a suit to recover taxes for the year 1904, paid by the bridge company to the township of Walker under protest. The case was tried before Judge Wolcott without a jury, and he made written finding of facts and law. The facts are not in dispute.

In April, 1902, the bridge company was organized as a corporation under the general railroad law, being Act No. 198 of the Laws of 1873. During the year 1902, the corporation built a bridge across Grand River at North Park, near the Soldiers' Home. The east half of the bridge is in the township of Grand Rapids, and the west

half in the township of Walker. The bridge company was organized for the purpose of constructing this bridge to be used by the Grand Rapids Street-Railway Company, which is a corporation organized under the street railway act, the same being Act No. 35 of the Laws of 1867. Before the bridge was completed, it was leased to the street railway, and has been used by it exclusively in the operation of its street railway.

In the year 1904, the State board of assessors, claiming to act under the provisions of Act No. 173 of the Public Acts of 1901, as amended by Act No. 45 of the Public Acts of 1903, assessed taxes on this bridge amounting to the sum of $845.58, which were paid by the bridge company. The bridge company is not a railroad company, union station and depot company, an express company, a car loaning company, stock car company, a refrigerator or fast freight line company, and does not and never did own, lease, run, or operate any engines, motors, or freight, stock, refrigerator, or any other cars.

The township of Walker, which is one of the municipal townships of Kent county, assessed the west half of the bridge and levied taxes thereon under the general tax law for the year 1904. No question is made as to the regularity or validity of this assessment, if the west half of the bridge was legally taxable under the general tax laws. On or about February 18, 1905, the treasurer of the township demanded payment of these taxes from the bridge company, which paid the same, amounting, with collection fees, to the sum of $178.26, under protest, which protest is in writing. The grounds of the protest are, briefly, that the State board of assessors had assessed the said bridge for the year 1904, as above stated, at the sum of $845.58, which was paid by the bridge company, and that said bridge was subject to assessment for taxes only and exclusively by the said State board of assessors under the acts above mentioned, and was not subject to assessment for taxes by the assessing officers of the township, and that the township assessment was a double and improper

taxation of the property, which it was claimed in the protest was illegal and void.  The treasurer of the township, at the time of the payment of the taxes and collection fees aforesaid, made a minute of the fact of such protest on the tax roll, and on the receipt which he gave to the bridge company, and this suit was brought for the money so paid to him under protest, within 30 days after the payment thereof.

The original title of Act No. 198 of the Laws of 1873 (which is chapter 164, 2 Comp. Laws), was:

"An act to revise the laws providing for the incorporation of railroad companies, and to regulate the running and management, and to fix the duties and liabilities of all railroad and other corporations owning or operating any railroad in this State."

This title remained unchanged until 1899, when it was amended to read:

"An act to revise the laws providing for the incorporation of the railroad bridge and tunnel companies, and to regulate the running and management, and to fix the duties and liabilities of all railroad, bridge, tunnel and other corporations owning or operating any railroad, bridge, or tunnel within this State."  Act No. 266, Pub. Acts 1899.

Section 1 of article 1 of this act (Act No. 198, Laws 1873) provided for the organization of corporations, "for the purpose of constructing, operating and maintaining a railroad, railroad bridge or railroad tunnel."  Section 3 of article 3 provided that "every company formed under the provisions of this act shall, on or before the first day of July in each year, pay to the State treasurer  *  *  * an annual tax upon the gross receipts of said company, etc."  This section was amended (Act No. 174, Pub. Acts 1891), to read:

"Every railroad company formed under the provisions of this act, or which now is or may hereafter be brought under the provisions of the general law of this State, for the taxation of railway or railroad corporations, and every

railroad company owning or operating any railroad situated in whole or in part in this State, shall, on or before the 1st day of July in each year, pay to the State treasurer * * * a specific tax," etc.

This section was further amended (Act No. 129, Pub. Acts 1893), but in no manner affecting the issue here involved. It was further amended (Act No. 228, Pub. Acts 1897) to read:

"Every railroad company and union railroad station and depot company owning or operating any railroad situated in whole or in part in this State, shall, on or before the first day of July in each year, pay to the State treasurer * * * a specific tax, etc."

There has been no amendment of this section since. And since the amendment of 1891 to section 3 of article 3 of said Act No. 198 of the Laws of 1873, under which the plaintiff was organized, that law has contained no requirement for the payment of a specific tax by bridge and tunnel companies organized under it.

No authority exists for the assessment of specific taxes against or upon the property or business of bridge and tunnel companies which do not own or operate railroads, nor own, lease, or operate freight, stock, refrigerator, or any other cars, unless found in Act No. 173 of the Public Acts of 1901, as amended by Act No. 45 of the Public Acts of 1903.

This act makes the board of State tax commissioners ex officio a State board of assessors, and by its title provides "for the assessment of the property of railroad companies, union station and depot companies, express companies, car loaning companies, stock car companies, refrigerator car companies and fast freight line companies." Such is the provision of the title, and section 4 of this act makes it the duty of said board to make an annual assessment of the property of railroad companies, union station and depot companies, express companies doing business within this State, car loaning companies and refrigerator and fast freight line companies, and all other corporations owning,

leasing, running, or operating any freight, stock, refrigerator or any other cars not being exclusively the property of any railroad company paying taxes upon its rolling stock under the provisions of this act, over and upon the line or lines of any railroad or railroads in this State. And section 5 of this act declares that:

"The term company, corporation or association, wherever used in this act, shall apply to and be construed as referring respectively to any railroad company, union station and depot company, express company, car loaning company or refrigerator or fast freight line company, and any and all other corporations subject to taxation under this act."

We think it clear that the plaintiff does not belong to any class of corporations designated in this act or intended to be affected by its provisions.

The conclusion of the learned circuit judge that the plaintiff was not entitled to recover was correct, and the judgment is affirmed, with costs to defendant.

MONTGOMERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.